**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CRIMINAL ACTION** |
| **v.** | ) |
| | ) **No. 07-20143-03-CM** |
| **ARMANDO CHAVEZ-FLORES,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM AND ORDER**

This case is before the court on defendant Armando Chavez-Flores's Motion for New Trial (Doc. 96).  In January 2009, a jury convicted defendant of conspiracy to distribute and possess with intent to distribute methamphetamine and marijuana; distribution of methamphetamine; and possession with intent to distribute methamphetamine.  Defendant asks the court for a new trial or judgment of acquittal based on two complaints: (1) the racial makeup of the jury pool; and (2) the position of a Deputy United States Marshal during defendant's testimony.

**I.     Standards for Review**

**A.     Motion for a New Trial**

In considering a motion for new trial, the court has broad discretion that will not be disturbed on appeal absent plain abuse of that discretion.  *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987).  The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal.  Federal Rule of Criminal Procedure 33 provides that a court may grant a new trial "if the interest of justice so requires."  Additionally, any error which would require reversal on appeal is a sufficient basis for granting a new trial.  *United States v. Walters*, 89 F. Supp. 2d 1206,

1213 (D. Kan. 2000) (quotation and citation omitted).  But courts disfavor new trials, *United States v. Gleeson*, 411 F.2d 1091, 1093 (10th Cir. 1969), and exercise great caution in granting them, *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997).  The burden of proving that a new trial is warranted rests on the defendant.  *Walters*, 89 F. Supp. 2d at 1213 (citations omitted).

**B.     Motion for Judgment of Acquittal**

In reviewing a motion for judgment of acquittal, the court views the evidence in the light most favorable to the government.  *United States v. Hughes*, 191 F.3d 1317, 1321 (10th Cir. 1999) (citation omitted).  The court must uphold the jury's guilty verdict if "'***any*** rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *United States v. Haber*, 251 F.3d 881, 887 (10th Cir. 2001) (emphasis in original) (quoting *United States v. Schluneger*, 184 F.3d 1154, 1158 (10th Cir. 1999)).

**II.     Discussion**

**A.     Composition of Jury Pool**

Under the Sixth Amendment, a criminal defendant is entitled to trial before a jury that has been selected from a fair cross-section of the community.  *Taylor v. Louisiana*, 419 U.S. 522, 526–31 (1975).  In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show that (1) the group alleged to be excluded is a "distinctive" group in the community; (2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) this underrepresentation is due to systematic exclusion of the group in the jury-selection process.  *Duren v. Missouri*, 439 U.S. 357, 364 (1979).  If the defendant demonstrates a prima facie violation, the government must show the violation is justified by "showing attainment of a fair cross-section to be

incompatible with a significant state interest." *Id.* at 368.

Defendant has failed to meet his burden to show that his right to have a jury pool comprised of a fair cross-section of the community was violated.  He provides no evidence in support of his argument and has not alleged that there is a systematic exclusion of Hispanics in the jury-selection process.  Moreover, the Tenth Circuit has rejected a nearly identical challenge to the same jury-selection system.  *United States v. Shinault*, 147 F.3d 1266, 1270–73 (10th Cir. 1998).   The District of Kansas creates its Master Jury Wheel, from which potential jurors are randomly selected, from actual voter lists.  The District of Kansas continues to look into the composition of its panels, and has created task forces which have expanded the number of people who are actually sent summonses for jury panels.  The system may not be perfect, but it is fair.  Defendant has not shown that a new trial is in the interests of justice or that the court committed reversible error.  Nor has defendant offered any specific argument why he meets the standards for a judgment of acquittal. Defendant's motion is denied on this basis.

**B.      Marshal's Presence During Defendant's Testimony**

Although a defendant should be "accorded the indicia of innocence in a jury trial," he does not have an unfettered right to be free from restraint.  *United States v. Hack*, 782 F.3d 862, 867 (10th Cir. 1986).  The court has discretion to find that courtroom safety considerations outweigh the right of the defendant to appear innocent before the jury.  *Id.*  "[I]t is beyond question that the trial judge is in the best position to assess 'the extent to which security measures should be adopted to prevent the disruption of the trial, harm to those in the courtroom, [and] escape of the accused."  *Id.* (citation omitted).

Here, a Deputy United States Marshal dressed in plain clothes sat behind defendant while he testified. The Deputy Marshal was discreet in his movements and placement.  In the interest of

-4-

courtroom safety, the court found that it was appropriate to have a Deputy Marshal in close

proximity to defendant while he was testifying within steps of the jury, court staff, and a door

leading to a secured hallway.  Deputy Marshals were likewise located near all defendants while they

were seated at their table throughout trial.  The presence of the Deputy Marshal during defendant's

testimony was not prejudicial to defendant, and was necessary and proper as part of the court's

normal courtroom safety and security protocol.  Defendant has not raised a valid reason to grant him

a new trial or to enter a judgment of acquittal.

**IT IS THEREFORE ORDERED** that defendant Armando Chavez-Flores's Motion for

New Trial (Doc. 96) is denied.

Dated this 14th day of April 2009, at Kansas City, Kansas.


**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**