**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ARMANDO CHAVEZ-FLORES, )
)
      Petitioner/Defendant, )
)
v. ) Case No. 07-20143-3-CM
) 11-2129-CM
)
UNITED STATES OF AMERICA, )
)
      Respondent/Plaintiff )
_____)

**MEMORANDUM AND ORDER**

The matter comes before the court on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 186), Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Sentencing Pursuant to Title 28, U.S.C. § 2255 (Doc. 187) and the Government's Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 189). Petitioner argues that his sentence was unreasonable, and that he received ineffective assistance of counsel, violating his procedural and substantive rights. The government responds, arguing that petitioner's specific claim regarding counsel's failure to preserve plain error issues for appellate review does not rise to the level of ineffective assistance of counsel. The government also argues that petitioner's other claims for ineffective assistance are general statements, and should be denied as conclusory. For the reasons set forth below, this court denies petitioner's § 2255 motion.

**I.  Factual and Procedural Background**

On January 16, 2009, a jury found petitioner guilty of conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine, knowingly and intentionally

distributing a mixture and substance containing a detectable amount of methamphetamine, and knowingly and intentionally possessing with intent to distribute 5 grams or more of methamphetamine. On September 3, 2009, this court sentenced petitioner to a total term of 292 months imprisonment.

Petitioner appealed, the Tenth Circuit issued an appeal mandate on January 3, 2011 affirming the District Court's decision. Petitioner timely filed this § 2255 motion.

## II. Legal Standard and Analysis

Under 28 U.S.C. § 2255(a), a prisoner in custody has the right to challenge a sentence imposed by the District Court if it is in violation of the Constitution or other law of the United States, or if the sentence imposed was in excess of the maximum authorized by law.

Petitioner presents five claims in his § 2255 motion: (1) the court incorrectly calculated the drug quantity during sentencing, making his sentence unreasonable; (2) counsel was ineffective for failing to preserve petitioner's procedural and substantive rights for appeal; (3) counsel's conduct was prejudicial and ineffective, denying petitioner his sixth amendment due process rights; (4) counsel was ineffective, denying petitioner his fifth amendment rights; (5) the government committed misconduct by interfering with petitioner's counsel's ability to make independent decisions regarding his case.[1]

### A. The Court's Drug Quantity Calculation

Petitioner argues that the court incorrectly calculated "the drug quantity used to reach the

---

[1] Petitioner submitted two documents on March 7, 2011 entitled "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" which were filed as Docs. 186, and 186-1. The court has combined both of petitioner's documents into one motion, therefore addressing all five of petitioner's claims.

-2-

advisory sentencing guideline range." (Doc. 186, at 4.) In his Memorandum, petitioner further asserts that the court failed to appropriately apply the Sentencing Guidelines when determining the "type and quantity of drugs offense (marijuana) to form the object of the conspiracy." (Doc. 187, at 13.) Petitioner's arguments regarding this court's calculation for sentencing purposes of drug quantity were raised on appeal. *See United States v. Chavez-Flores*, 404 F. App'x 312, 314–15 (10th Cir. 2010). "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) (citing *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978)). Petitioner has failed to demonstrate special circumstances which would allow this court to reconsider this particular issue on collateral attack where the Tenth Circuit has already issued ruled on it in his appeal. *See United States v. Smith*, No. 04-20043-CM, 2007 WL 3353402, at *2 (D. Kan. Nov. 7, 2007) (citing *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986)). Therefore, petitioner's claim regarding the court's application of the Sentencing Guidelines is denied.

**B.     Ineffective Assistance for Failing to Preserve Plain Error Issues on Direct Appeal, and for Violating Fifth and Sixth Amendment Rights**

The court next addresses petitioner's second, third and fourth claims together. Petitioner argues that counsel was ineffective for not "raising procedural and substantial rights" and for not properly preserving "plain error issues on appeal." (Doc. 186-1, at 4.) He further claims that he was denied his due process rights under the Sixth Amendment due to counsel's "unprofessional deficient conduct," and finally, that he was denied his equal protection rights under the Fifth Amendment. (Doc. 186-1, at 6–7.) In support of the above claims, petitioner filed a Memorandum, in which he makes a general claim that counsel failed to make proper objections, and failed to preserve "all the

**issues** for plain error upon appeal for a meaningful appellate review." (Doc. 187, at 9) (emphasis added.) However, he mentions only the conspiracy charge in relation to these two claims. After listing the elements of a conspiracy charge, petitioner again states that counsel's conduct was unprofessional and deficient for not "raising **issues** of plain error at sentencing." (Doc. 187, at 11 (emphasis added).) He then points out to the court that issues not raised by counsel on appeal could be stronger than the issues counsel did raise, which could constitute constitutional ineffectiveness. *Id*. Finally, he argues that counsel's failure to challenge two counts of conviction violated his Sixth Amendment due process rights, noting specifically his drug quantity objection argument.

Petitioner's arguments as to these three claims are circular, and conclusory in nature. He fails to specify which issues, other than the conspiracy charge and the court's drug quantity calculation, he believes counsel should have preserved for appeal purposes. A conclusory allegation that counsel was ineffective is insufficient to warrant habeas relief, even when a defendant proceeds pro se. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). The court will address counsel's conduct regarding the conspiracy charge and the court's drug quantity calculation **only** because these are the issues petitioner raised with any specificity.

Regarding petitioner's drug quantity calculation, the court already addressed petitioner's argument above. Counsel did, in fact, preserve petitioner's drug quantity objection for appeal by objecting to the drug quantity listed in the Presentence Investigation Report ("PSR"). The Tenth Circuit affirmed the court's decision on appeal. Therefore, counsel's behavior was reasonable, and therefore, petitioner's counsel was not ineffective regarding the drug quantity calculation.

Petitioner's argument regarding counsel's ineffectiveness as to the conspiracy charge also fails. Counsel filed an objection to the PSR regarding the offense conduct and his role in the conspiracy as it related to the drug quantity calculation. Counsel also argued that petitioner was a

-4-

minimal participant. This court overruled petitioner's objection at the time of sentencing. Counsel for petitioner then filed an appeal. Although counsel chose not to challenge the conspiracy conviction on appeal, the court cannot find that counsel was ineffective when he acted reasonably with respect to the sentencing objections, and further in filing an appeal on petitioner's behalf. Petitioner himself admits that "counsel can choose the issues to appeal" and cites to *Holladay v. Haley*, 209 F.3d 1243, 1256 (11th Cir. 2000) in his Memorandum. (Doc. 187, at 12.) Because the court finds that petitioner's counsel's conduct was reasonable, the court further finds that counsel was not ineffective with respect to challenging the conspiracy conviction.

**C.    Government Misconduct Interfering with Counsel's Ability to Make Effective and Independent Decisions Regarding Petitioner's Defense**

Again, petitioner argues generally about counsel's inability to make independent decisions. He states that the government "interfered in certain ways" with counsel's ability to make independent decisions regarding his defense. (Doc. 186-1.) Although petitioner refers the court to petitioner's Memorandum for further information regarding this claim, petitioner's Memorandum lacks discussion with any specificity about how government counsel interfered with his counsel's performance. Because petitioner provides no evidence to support this general claim of government misconduct, he has failed to show how the government's conduct adversely affected his counsel's performance. Petitioner's motion is denied.

**III.   Conclusion**

The record before the court conclusively shows that petitioner is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11, as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 186) is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is denied as to petitioner's § 2255 motion.

Dated this 28th day of June, 2011, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**